The document below is hereby signed.

Signed: September 01, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
DANIEL CLARK,                  )       Case No. 09-00726
                               )       (Chapter 7)
          Debtor.              )       Not for Publication in
                               )       West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER
DISMISSING REQUEST FOR INJUNCTIVE RELIEF

The debtor, Daniel Clark, has filed a paper (not served on

anyone else) in which he states:

> I [would] like the court to issue a court order to gain
> entrance to my personal belongings and equipment needed
> to work [that] I have been denied by Mini U Storage . .
> . . [T]hey were notified by fax on 8-26-2009[.] I
> cannot work because the equipment needed and
> supplies[.] [T]his is an emergency request.

This request must be denied.

I

A request for turnover must be sought by way of an adversary

proceeding.  Fed. R. Bankr. P. 7001.  In addition, the summons

and complaint in such an adversary proceeding must be served in

accordance with Fed. R. Bankr. P. 7004.

The provision for turnover of property, 11 U.S.C. § 542(a),

provides, with exceptions of no relevance here, that:

> an entity . . . in possession, custody, or control,
> during the case, of property that the trustee may use,
> sell or lease under section 363 of this title, or that
> the debtor may exempt under section 522 of this title,
> shall deliver to the trustee, and account for, such
> property or the value of such property, unless such
> property is of inconsequential value or benefit to the
> estate.

The storage facility, therefore, has an obligation, if at all, to

turn over the property to the trustee, not the debtor.  Section

542(a) makes clear that it is the trustee, not the debtor,

entitled to turnover.

II

The debtor, moreover, has not addressed whether turnover is

appropriate.  There will be no obligation of turnover to the

trustee if the "property is of inconsequential value or benefit

to the estate" within the meaning of § 542(a), and the trustee,

as representative of the estate, has not stated a position on

that issue.

Moreover, if the storage facility has a possessory lien on

the property, the storage facility is entitled to request an

order prohibiting or conditioning turnover for use or sale by the

trustee "as is necessary to provide adequate protection of such

interest."  11 U.S.C. § 363(e).  Section 542(a) ought not be read

in a manner that destroys a creditor's right to adequate

protection under § 363(e).  *See Citizens Bank of Maryland v.*

*Strumpf*, 516 U.S. 16, 20 (1995) (a statute will not be

2

interpreted in a manner such that it destroys itself).

For these and other reasons, the turnover provision is not self-executing.  *In re Bernstein*, 252 B.R. 846, 849 (Bankr. D.D.C. 2000).

III

The debtor has not invoked the automatic stay of 11 U.S.C. § 362(a), and he alleges no facts demonstrating a violation of the automatic stay.  If the storage facility is maintaining the status quo, by passively retaining possession of the property that it obtained prepetition, the storage facility is not acting to change control of the property, and thus is not undertaking "any act . . . to exercise control over property of the estate" within the meaning of 11 U.S.C. § 362(a)(3).  *See In re Bernstein*, 252 B.R. at 848 ("In other words, '[t]he automatic stay, as its name suggests, serves as a restraint only on acts to gain possession or control over property of the estate.' *United States v. Inslaw*, 932 F.2d 1467, 1474 (D.C. Cir. 1991), *cert. denied*, 502 U.S. 1048, 112 S.Ct. 913, 116 L.Ed.2d 813 (1992)."); *In re Young*, 193 B.R. 620, 624-25 (Bankr. D.D.C. 1996).  *But see, e.g.,  Thompson v. General Motors Acceptance Corp., LLC*, 566 F.3d 699 (7th Cir. 2009).

In any event, if the storage facility's lien is of a character described in 11 U.S.C. § 362(b)(3), and retention of possession is the mode by which it may act to maintain and

3

continue perfection of its lien, such continued retention of

possession would be excepted by § 362(b)(3) from the automatic

stay.

IV

In accordance with the foregoing, it is

ORDERED that the debtor's request (Dkt. No. 19) filed on

August 28, 2009, requesting an order to gain access to his

personal belongings is DISMISSED.

[Signed and dated above.]

Copies to:
Debtor; Chapter 7 Trustee; Office of United States Trustee.